JAMES W. ALLEN, Adm'r, v. EDWARD H. EAST, Adm'r.

CHANCERY SALE. *Advanced bid.* A person offering to advance the biddings at a Master's sale, and not making any exception to the last sale under such advanced bid, becomes a *quasi* party, and bound by subsequent proceedings. The Court has power to hold the parties bound by acts of this character, and not allow its proceedings to be trifled with.

FROM DAVIDSON.

Appeal from the Chancery Court.

McFARLAND, J., delivered the opinion of the Court.

In this cause a decree was made directing the Master to sell certain land. He reported that at the sale it was struck off to Mrs. Dicey Vaughn at the price of $2,012 49, but that the purchaser had not complied with the terms of sale by executing notes or otherwise. He further reported, that since the sale a proposition in writing had been submitted to him, to-wit:

"Nashville, Tennessee, September 4, 1871.
" *To the Clerk and Master at Nashville:*

"I will advance the bid of Mrs. Dicey Vaughn for the tract of forty-one acres on Mill Creek to $2,050.

W. J. STOKES.

" We will be security for the carrying. out of the above. J. W. STOKES,

W. B. STOKES."

Upon this the Chancellor decreed a re-sale of the land upon the terms of the former decree, and to start the bidding at $2,050, and if no one would bid more, to strike the land off to W. J. Stokes. The Master reported that he again offered the land, starting it at $2,050, but no further bid was made previous to the sale. Stokes notified him that he withdrew his proposition. The Chancellor declared the sale to W. J. Stokes confirmed, and ordered him to comply with the terms by giving notes, etc., and in case he failed, to sell the land again, charging Stokes with the deficit. Stokes failed to execute his notes, the land was again sold, for a smaller sum, and a decree rendered against Stokes and his sureties, J. W. and W. B. Stokes, for the deficit of $339 80, and Stokes and his sureties bring up the case by writ of error.

We think the decree is correct. The principle objection is that Stokes' proposition was not accepted before it is withdrawn. It is true, the sale was not closed upon that bid, but the offer to advance was accepted in accordance with a practice often adopted, and Stokes must be held to have made his offer in view of this practice and power of the Court, that is, by again offering the land, starting at the advanced bid. The only doubt may arise from the fact that the first purchaser, Mrs. Dicey Vaughn, had not, at the time the offer of Stokes was made, complied with her purchase, but we suppose this does not alter the case, as she might, but for this offer, afterwards have done so, or the Court might have taken steps to en-

force the bid against her. Stokes did not attempt to withdraw his bid until after the Court had acted upon it.

We understand the Court has power. to hold the parties bound by acts of this character, and not allow its proceedings to be trifled with. After Stokes made his offer he became a *quasi* party, and bound by subsequent proceedings, and he made no exception to the last sale.

Affirm the decree with costs.